```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

ALLEN VIZIER, SR.                          CIVIL ACTION

VERSUS                                     NO: 13-6472

CRESCENT MARINE TOWING, INC.               SECTION: R(1)
```

**ORDER AND REASONS**

Before the Court is plaintiff, Allen Vizier's, motion for appeal and limited review of Magistrate Judge Shushan's order granting defendant, Omni Marine Transportation's,[1] motion for a medical examination.[2] The Court denies the motion because plaintiff has failed to show that Magistrate Judge Shushan's order was clearly erroneous or contrary to law.

**I. BACKGROUND**

Plaintiff brought this suit under the Jones Act, 46 U.S.C. App. § 688, alleging that he was injured while working on the defendant's vessel.[3] Plaintiff was initially treated by Dr. Ralph Katz, an orthopedic surgeon, who performed a cervical fushion. After the surgery, plaintiff continued to complain of shoulder pain

---

[1] Plaintiff filed an amended complaint replacing defendant Crescent Marine Towing with Omni Marine Transportation.  R. Doc. 10.

[2] R. Doc. 24.

[3] R. Doc. 10.

and an inability to move his left arm.  Plaintiff then saw Dr. John Sledge, another orthopedic surgeon.  Dr. Sledge referred plaintiff to a neurologist, Dr. James Dominique, who administered EMG and nerve conduction studies.  After reviewing the studies, Dr. Sledge recommended a "complete neurological evaluation and followup."[4]

On November 4, 2014, defendant filed a motion to compel an independent medical examination (IME) by Dr. Everett Robert, a neurosurgeon.[5]  Plaintiff opposed the motion on the grounds that defendant was not entitled to an IME and, even if it was, that an IME by a neurosurgeon was inappropriate.[6]  The Court referred the motion to Magistrate Judge Shushan.  On November 21, 2014, Magistrate Judge Shushan granted the motion and ordered plaintiff to submit to an IME with Dr. Robert.[7]  Plaintiff now seeks a limited review of Magistrate Judge Shushan's order "to the extent that it ordered an examination by a neurosurgeon."[8]

## II. STANDARD OF REVIEW

A magistrate judge's ruling on a non-dispositive civil motion may be appealed to the district court.  Fed. R. Civ. P. 72(a).

---

[4] R. Doc. 25-1 at 3.

[5] R. Doc. 17.

[6] R. Doc. 18 at 1.

[7] R. Doc. 23.

[8] R. Doc. 24-1 at 1.

When a timely objection is raised, the district judge must review the magistrate's ruling and "modify or set aside any part of the order that is clearly erroneous or contrary to law." *Id.* Under this highly deferential standard, a magistrate judge's ruling "should not be rejected merely because the court would have decided the matter differently." *Ordemann v. Unidentified Party*, CIV. A. No. 06-4796, 2008 WL 695253, at *1 (E.D. La. Mar. 12, 2008) (internal quotations omitted). Instead, the decision must be affirmed unless "on the entire record [the court] is left with a definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

## III. DISCUSSION

After reviewing the applicable law, the magistrate judge's order, and the parties' arguments, the Court finds no error in Magistrate Judge Shushan's order. Federal Rule of Civil Procedure 35 allows a party to seek an independent medical examination when a party's physical or mental health is at issue in the case and there is "good cause" for the exam. The Supreme Court has recognized that "[a] plaintiff in a negligence action who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such

3

asserted injury."  *Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964).  Plaintiff, however, does not object to Magistrate Judge Shushan's finding that plaintiff's physical health is at issue or her finding of good cause.  Instead, plaintiff objects to the order to the extent that it requires an independent medical examination by a doctor of a particular specialty, namely a neurosurgeon.[9]

Rule 35 does not provide any limitation on the practice area or specialty of the physician performing the independent medical examination.  Instead, Rule 35 merely requires that the examination be conducted by a "suitably licensed or certified examiner."  Fed. R. Civ. P. 35.  Courts in the Eastern District of Louisiana have previously recognized that "both orthopedic surgeons and neurosurgeons" treat injuries similar to plaintiff's, and the Court finds no reason to reach a different conclusion here.  *Y & S Marine, Inc. v. Maza*, CIV. A. No. 11-1425, 2011 WL 4807706, at *4 (E.D. La. Oct. 11, 2011).  Plaintiff has not provided the Court with any contrary authority and has not demonstrated that an examination by a neurosurgeon would be unreasonable here.  Indeed, plaintiff's chosen physician, Dr. Sledge, recommended that plaintiff undergo a "complete neurological evaluation and followup."[10]  Plaintiff has thus failed to demonstrate that

---

[9] R. Doc. 24-1 at 1 ("Plaintiff now seeks a limited review of the Magistrate's Order to the extent it ordered an examination by a <u>neurosurgeon</u>.") (emphasis in original).

[10] R. Doc. 25-1 at 3.

Magistrate Judge Shushan's order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). Accordingly, plaintiff's motion is DENIED.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's motion for appeal and limited review of Magistrate Judge Shushan order is DENIED.

New Orleans, Louisiana, this ___18th___ day of February, 2015.

*Sarah Vance*

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE